# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BENJAMIN CAULTON,

                    Petitioner,                    Case Number: 2:09-CV-15037

v.                                           HON. GERALD E. ROSEN

CARMEN PALMER,

                    Respondent.

_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Benjamin Caulton is currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan. He has filed a *pro se* petition for a writ of habeas corpus. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

In the pending petition, Petitioner challenges his conviction for third-degree criminal sexual conduct, rendered in Macomb County Circuit Court. He was sentenced as a fourth habitual offender to 96 to 240 months' imprisonment.

In 2001, Petitioner filed a habeas corpus petition in this district, challenging the same

---

      [1]    28 U.S.C. § 1631 provides, in relevant part:

        Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

conviction challenged in the pending petition.  That matter was assigned to the Honorable Paul V. Gadola.  The District Court denied the petition with prejudice because Petitioner could not prevail on the merits of any of the claims raised.  *See Caulton v. Birkett*, No. 01-cv-40210 (E.D. Mich. Aug. 19, 2002) (Gadola, J.).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court.  The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 14, 2010

I hereby certify that a copy of the foregoing document was served upon   Benjamin Caulton, #246805, Michigan Reformatory (RMI), 1342 W. Main Street, Ionia, MI 48846   on January 14, 2010, by ordinary mail.


s/Ruth Brissaud
Case Manager

2